UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
BARBARA E. LEWIS,

                      Plaintiff,                05-CV-0421

          v.                                              **DECISION**
                                                                       **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                      Defendant.
_____

## INTRODUCTION

Plaintiff Barbara E. Lewis ("Plaintiff") brings this action pursuant to the Social Security Act § 216(i) and § 223 seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Disability Insurance Benefits.[1] Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ"), denying her application for benefits, was against the weight of substantial evidence and was an error of law.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)("Rule 12©"), on the grounds that the ALJ's decision was supported by substantial evidence and was based on the application of correct legal standards. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on the grounds that the

---

[1] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated April 5, 2007.

Commissioner's decision was erroneous. The Court determines that the findings of the Commissioner are supported by substantial evidence, and the Commissioner's motion for judgment on the pleadings is hereby granted.

## **BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on February 9, 2001, which had been denied. On March 4, 2003, Plaintiff, at that time a 54-year-old former bag machine operator and food demonstrator, applied for Disability Insurance Benefits. Plaintiff claimed an inability to work since February 1, 2003, due to heart problems, arthritis, shortness of breath, and pain in her arms, back and shoulders. Plaintiff's application was denied. Thereafter, Plaintiff requested and appeared, with counsel, in an administrative hearing before ALJ Margaret A. Lenzi which took place on August 19, 2004. Medical evidence by Drs. Alberto Gonzalez ("Dr. Gonzalez") and Fenwei Meng ("Dr. Meng") was introduced. Vocational Expert Sherry Kristal-Turetsky ("VE Kristal-Turetsky") also testified via telephone at the Plaintiff's hearing.

In a decision dated September 23, 2004, the ALJ found that Plaintiff was able to perform work existing in significant numbers in the national economy and was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner when the Social Security

Appeals Board denied Plaintiff's request for review on April 20, 2005. On June 13, 2005, Plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that her decision was reasonable and is supported by the evidence in the record, and

moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

## II. **The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ in her decision found that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ adhered to the Social Security Administration's 5-Step sequential evaluation analysis. <u>See</u> 20 C.F.R. § 404.1520.[2] Under Step 1 of the process, the ALJ found that despite working part-time for several months after her alleged onset of disability, Plaintiff had not engaged in substantial gainful

---

[2]Five-step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so, claimant will be considered disabled without considering vocational factors; (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. <u>See</u> <u>id.</u>

activity since her alleged disability onset date.(Transcript of Administrative Proceedings at pages 17, 22) (hereinafter "T.").

At Steps 2 and 3, the ALJ found that Plaintiff had impairments which were severe within the meaning of the Regulations, but they were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 18). Further at Steps 4 and 5, the ALJ concluded that Plaintiff retained the residual functional capacity to perform a significant range of light work. (T. at 19-20, 22).

The ALJ determined that while Plaintiff could not return to her past job as a bag machine operator because it was beyond her exertional capacity, she was able to perform her duties as a food demonstrator. (T. at 21). Further, the ALJ concluded that considering Plaintiff's age, educational background and work experience, Plaintiff is capable of making a successful transition to work that exists in significant numbers in the national economy. (T. at 22, 23).

Based on the medical record and the medical evidence in the record, I find that the ALJ properly concluded that Plaintiff was not disabled.

    A.   <u>The ALJ properly considered the combined effect of all of Plaintiff's impairments and properly considered Plaintiff's obesity.</u>

The ALJ's evaluation of the medical evidence shows that she correctly considered the combined effects of Plaintiff's

impairments. In her decision, the ALJ noted that although Plaintiff had a prior history of both Carpal Tunnel and right foot pain, she had undergone surgery for both these impairments and there were no significant limitations related to either impairment. (T. at 18). The ALJ additionally relied on the fact that Plaintiff received no treatment for sleep apnea to support her finding that the impairment was not severe. (T. at 18). The ALJ also determined that none of the Plaintiff's impairments met any listed impairment, either singly or in combination, indicating that she considered the combined effect of Plaintiff's impairments. (See T. at 18).

Further, Plaintiff's argument that her obesity was not evaluated properly under Social Security Ruling ("SSR") 02-1P, is not error since no specific findings are needed on the issue of obesity. The issue of obesity was never before the ALJ and that diagnosis was not found by Plaintiff's treating physician or by any other physician.

Plaintiff alleges that the ALJ failed to conduct an individual assessment of the impact of her obesity on her functioning, as required by SSR 02-1P. (Pl. Br. at 9). Although the medical record indicates that Plaintiff is overweight, in order for a finding that obesity is a disabling impairment, it is her burden to show that this alleged disability causes functional limitations preventing her from substantial gainful activity. See Murphy v. Sec'y of Health

and Human Servcs., 872 F.Supp. 1153, 1156 (E.D.N.Y. 1994)(stating that the presence of an impairment is not in and of itself disabling). The burden is on Plaintiff to show that the disease or impairment has caused any functional limitations that preclude her from engaging in any substantial gainful activity. See Rivera v. Harris, 623 F.2d 212, 215-16 (2d Cir. 1980).

Further, SSR 02-1P (4) provides that "[I]n the absence of evidence [regarding the impairment] we will accept a diagnosis of obesity given by a treating source or a consultative examiner." On May 2, 2003, Plaintiff underwent a consultative examination were it was determined that she was 5'3" tall and weighed 200 lbs. Additionally, as of the date of the hearing, Plaintiff weighed 190 lbs. Plaintiff alleges that the combination of her weight and height supported a need for the ALJ to conduct an individualized assessment of the impact that her claim of obesity had on her functioning. (Pl. Br. at 9-10). The results of the consultative examination demonstrated, however, that Plaintiff was not found to be in acute distress, was able to walk on her heels and toes, had normal gait and stance, needed no assistance getting on and off the examining table, and was able to rise from a chair without difficulty. (T. at 19). The only limitation noted was mild decreased flexion and extension to the lumbar spine. (T. at 19). Further,

the remainder of the examination was essentially within normal limits.

Therefore, the ALJ properly assessed Plaintiff's weight along with other evidence in the record and reasonably concluded that it did not cause more than minimal functional limitations on her ability to perform basic work activity, and thus was not a severe impairment.

B. <u>The ALJ gave proper weight to the opinion of Plaintiff's treating physician, Dr. Gonzalez.</u>

Plaintiff's treating physician Dr. Gonzalez opined on May 1, 2003, that Plaintiff could stand and/or walk for fewer than two hours for an eight-hour work day. (T. at 146-48). Further, on May 2, 2003, physician Dr. Meng opined that Plaintiff would have difficulty with <u>prolonged</u> walking and standing (T. at 195) (emphasis added). However, on May 22, 2003, the State Agency Examiner opined that Plaintiff could stand and/or walk for at least six hours in an eight-hour work week. (T. at 205).

Additionally, on June 25, 2004, more than a year later, Dr. Gonzalez stated that Plaintiff was able to stand and/or walk for four hours for an eight-hour work day. (T. at 211-12). Therefore, the ALJ correctly did not attribute any probative weight to Dr. Gonzalez' opinion offered in May, 2003 because it was unsupported by evidence in the record and inconsistent with the medical opinions of other medical professionals. Moreover, Dr. Gonzalez' later report dated June 25, 2004 indicated an

improvement in her ability to stand and/or walk compared to his earlier report of May 1, 2003.

The ALJ properly discounted the treating physician's earlier report and gave greater weight to the later report of the treating physician, thus concluding that Plaintiff was not disabled.  The ALJ's conclusion that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record.

## **CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
  MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          June 15, 2007